UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUALITY DIESEL SERVICE, INC. | CIVIL ACTION |
| v. | NO. |
| M/V HAYDEN EVANS, her engines, tackle, appurtenances, equipment, etc., *in rem*, and J&M TOWING, LLC, *in personam* | SECTION |
| | JUDGE |
| | MAGISTRATE |

## QUALITY DIESEL SERVICE, INC.'S VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Quality Diesel Service, Inc. (hereinafter "Plaintiff" or "QDS"), who files this Verified Complaint against Defendants, M/V HAYDEN EVANS, her engines, tackle, appurtenances, equipment, etc., *in rem*, and J&M Towing, LLC ("J&M"), *in personam*, and stating an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, respectfully alleges upon information and belief as follows:

### PARTIES

1.

QDS is Louisiana corporation with its principal place of business in Amelia, Louisiana.

7190141_1

2.

J&M is a Louisiana limited liability company with its principal place of business located in Houma, Louisiana, and was at all relevant times and continues to be the owner and operator of the M/V HAYDEN EVANS.

3.

Upon information and belief, the M/V HAYDEN EVANS is a United States flagged, steel-hulled towing vessel bearing official no. 645159.

## JURISDICTION AND VENUE

4.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court, pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rules of Civil Procedure Rule 9(h). This is an action to enforce a maritime lien *in rem* against the M/V HAYDEN EVANS, her engines, tackle, equipment, appurtenances, etc., under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and *in personam* against defendant, J&M.

5.

Venue is proper in this Court because the M/V HAYDEN EVANS is within the waters of the district and J&M maintains sufficient contacts with the Eastern District of Louisiana.

## CLAIMS OF QDS

6.

In September and November 2014, QDS provided parts and labor for the repair of J&M's vessel, the M/V HAYDEN EVANS, that were essential to the operation of the M/V HAYDEN EVANS and the accomplishment of its mission.

7.

These parts and labor were requested by J&M from QDS, J&M readily accepted them, and J&M promised payment for the same.

8.

QDS performed necessary repairs and provided parts to the M/V HAYDEN EVANS according the agreement between J&M and QDS, invoices for these parts and services were provided to J&M, and payment of those invoices was requested by QDS. Said necessary services provided by QDS on the order of J&M were provided in a good and workmanlike fashion.

9.

Despite amicable demand, QDS has not been paid. J&M is indebted to QDS for the full amount of said invoices, the sum of THIRTY-NINE THOUSAND NINE HUNDRED EIGHTY-SEVEN AND 97/100 ($39,987.97) DOLLARS, together with interest from invoice date until paid, legal interest from date of judicial demand until paid, reasonable attorneys' fees, and all costs of these proceedings.

3

10.

QDS has made written demand setting forth the correct amount owed with supporting invoices on J&M. A copy of the written demand, supporting invoices, and Defendant's return receipt are attached hereto as Exhibit A.

11.

The above gives rise to a maritime lien on the M/V HAYDEN EVANS, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

12.

Upon information and belief, the M/V HAYDEN EVANS is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court, and is subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce QDS's maritime lien on the vessel.

13.

At this time QDS requests that arrest and judicial sale of the M/VHAYDEN EVANS be held in abeyance until further proceedings in this action.

14.

The aforementioned debt of J&M also qualifies as an open account under Louisiana's Open Account Statute, La. R.S. 9:2781, and accordingly QDS is entitled to reasonable attorneys' fees incurred in collecting the sums owed by J&M.

4

15.

In the alternative, J&M entered into a contract for the procurement of good and services from QDS. QDS performed its obligations under the contract and provided parts and labor to J&M and the M/V HAYDEN EVANS. J&M has breached its contract with QDS by failing to pay for the parts and services it received under the contract.

16.

In further alternative, QDS supplied necessaries and essentials J&M and the M/V HAYDEN EVENS based on the assurances that QDS would be paid for the same. QDS relied on the representations of J&M and was justified in doing so. As a result of its reliance on the assurances of J&M, QDS has suffered damages. QDS is entitled to recovery under the doctrine of detrimental reliance.

17.

In further alternative, QDS is entitled to recover the above described amounts owed by J&M under the doctrine of *quantum meruit*, unjust enrichment, and/or equitable estoppel.

18.

QDS reserves the right to supplement and amend its Verified Complaint as necessary and appropriate through the discovery of additional information relevant thereto.

**WHEREFORE**, Quality Diesel Service, Inc. prays that:

1. Process in due form of law, according to the rules and practices of this Honorable Court, may issue against the M/V HAYDEN EVANS, her engines,

tackle, appurtenances, equipment, etc., *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and that all persons claiming an interest in said vessel be required to appear and answer under oath all and singular the matters aforesaid;

2. This Court issue an appropriate order to allow the arrest and/or seizure of the M/V HAYDEN EVANS, her engine, tackle, appurtenances, equipment, etc., but that warrants for the arrest of the M/V HAYDEN EVANS be held in abeyance at this time;

3. Those claiming an interest in the said vessel be required to file a claim to the vessel and answer, all and singular, the allegations of this Original Complaint;

4. After due proceedings be had, plaintiff may have a decree against defendant, J&M Towing, LLC, *in personam*, and the M/V HAYDEN EVANS, *in rem*, for its damages in the amount of $39,987.97, plus pre and post judgment interest, interest from invoice date until paid, reasonable attorneys' fees, and all costs of these proceedings; and

5. Plaintiff receives such further and different relief which this Court may deem proper and just.

Respectfully submitted:

**KEAN MILLER LLP**


*/s/ Daniel B Stanton*
**TOD J. EVERAGE (#32445)**
**DANIEL B. STANTON (#35337)**
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
Facsimile:   (504) 585-3051
ATTORNEYS FOR QUALITY DIESEL SERVICE, INC.

**PLEASE ISSUE SUMMONS FOR:**
J&M Towing, LLC
c/o E. James Gaidry, Jr.
7886 Main St.
Houma, LA 70360

**PLEASE WITHHOLD IN REM SERVICE AT THIS TIME**

7

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF** _____

BEFORE ME, the undersigned authority, personally came an appeared:

Jason P. Bourgeois

Who, upon being duly sworn, did depose and state that he is the President of Quality Diesel Service, Inc.; that he has read the above and forgoing Verified Complaint; that he knows the contents thereof and believes the same to be true and correct to the best of his knowledge, information, and belief; and that he is authorized to make this Verification.

_____
Jason P. Bourgeois

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ____ DAY OF
JULY, 2016.

_____
NOTARY PUBLIC

_____
NUMBER

7259303_1