UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUALITY DIESEL SERVICE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-9649** |
| **HAYDEN EVANS MV ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Entry of Default Judgment (Doc. 8). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This is an action to enforce a maritime lien against Defendant J&M Towing, LLC ("J&M") and the vessel M/V HAYDEN EVANS (the "EVANS"). Plaintiff, Quality Diesel Service, Inc., alleges that it provided parts and labor for the repair of the EVANS that were essential to its operation. J&M has failed to pay the invoices for this work, despite amicable demand. Plaintiff brought this suit alleging that J&M owes it $ 39,987.97 for the work performed and that it has a lien on the EVANS in this amount.

Plaintiff served J&M with process on June 20, 2016. J&M has not made any appearance in this litigation. Default was entered against J&M on August 1, 2016. Plaintiff now moves for the entry of a default judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party who fails to plead or otherwise respond to the complaint within the required time period. Default may be entered against a defendant when the plaintiff shows "by affidavit or otherwise" that the defendant has failed to appear.[1] By virtue of the default, Plaintiff's well-pleaded allegations of fact are deemed admitted.[2] After default is entered, the plaintiff may move for default judgment.[3] The decision to enter default judgment is within the sound discretion of the trial court.[4]

## LAW AND ANALYSIS

Before entering default judgment, the Fifth Circuit has admonished district courts to examine the basis of jurisdiction "both over the subject matter and the parties."[5] In accordance with this mandate, the Court first examines jurisdiction.

### I. Subject Matter Jurisdiction

Before entering a default judgment, the Court has an affirmative duty to investigate its subject matter jurisdiction.[6] Jurisdiction in this matter is premised in admiralty. Plaintiff alleges a maritime lien against the EVANS and bring a state law suit on open account against J&M. It also brings a breach of contract claim against J&M in the alternative. "A contract for the repair of

---

[1] FED. R. CIV. P. 55(a).
[2] *Nishimatsu Const. Co., Ltd. V. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[3] FED. R. CIV. P. 55(b)(2).
[4] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).
[5] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).
[6] *Id.*

a vessel is a maritime contract, governed by general maritime law."[7] In addition, maritime liens are within admiralty jurisdiction and may be enforced in an in rem proceeding.[8] Accordingly, this Court has subject matter jurisdiction over this action.

## II. Personal Jurisdiction

Plaintiff's Complaint alleges that J&M operates its principal place of business in Houma, Louisiana. This allegation is sufficient to establish general jurisdiction over the LLC. General jurisdiction "exists when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic."[9] "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."[10]

## III. Suit on Open Account

In entering default judgment, the Court is mindful that such judgments are "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant has failed to meet a procedural time requirement."[11] "A defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[12] "The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law."[13] "A default judgment is unassailable on the merits . . . only so far as it is supported by

---

[7] *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 262 (5th Cir. 2011).
[8] *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 556 (5th Cir. 2003).
[9] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).
[10] *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014).
[11] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotations omitted).
[12] *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[13] *Id.* (emphasis in original).

3

well-pleaded allegations, assumed to be true."[14] Accordingly, the reviewing court must "ensure that the unchallenged facts constitute a legitimate cause of action."[15] A "judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."[16] Accordingly, in order to grant damages, the amount must be certain.

> Pursuant to Louisiana's law on open accounts,
>
> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.[17]

Plaintiff's Complaint establishes that it sent J&M written demand for the amount owed and such was not paid within 30 days. Accordingly, Plaintiff is entitled to a judgment in the amount of $ 39,987.97, which has been established by affidavit and invoices attached to the Complaint. In addition, Louisiana's open account law provides for an award for attorney's fees for the prosecution and collection of a claim. Accordingly, Plaintiff is also "entitled to recover reasonable attorney's fees, costs, and prejudgment and post judgment legal interest in obtaining this Judgment."[18]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default is granted. Judgment shall be entered against J&M Towing, LLC in the amount of

---

[14] *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104, 113 (1884)).
[15] *Farrell v. Landrieu*, No. 14-0072, 2016 WL 1714227, at *2 (E.D. La. Apr. 1, 2016).
[16] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).
[17] La. Rev. Stat. § 9:2781.
[18] *Int'l Constr. Equip., Inc. v. Laborde Constr. Indus., L.L.C.*, No. 15-433, 2016 WL 4480689, at *3 (M.D. La. Aug. 24, 2016).

$ 39,987.97, plus prejudgment and post judgment legal interest thereon, for unpaid repairs and parts provided by Plaintiff Quality Diesel Service, Inc.  In addition, Plaintiff shall be awarded attorney's fees and costs pursuant to Louisiana Revised Statutes § 9:2781.  Plaintiff shall file an Affidavit of Attorney's Fees and Costs incurred in obtaining this Judgment within 21 days of this Order so that reasonable attorney's fees may be calculated.

New Orleans, Louisiana this 18th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**